**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **Matthew Rolph,** | : | |
| | : | **CIVIL NO. 6:16-cv-06515** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **Hobart and William Smith  Colleges** | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

**DEFENDANT HOBART AND WILLIAM SMITH COLLEGES' REPLY IN SUPPORT**
**OF ITS MOTION TO COMPEL**

Defendant Hobart and William Smith Colleges ("HWS") submits this Reply in

Support of its Motion to Compel.  For the reasons stated below, Plaintiff's motion should be

granted.

**I.      Defendant's Motion is Not in Any Way Improper**

Plaintiff argues that HWS' motion is somehow an improper "tit for tat" motion

because it was filed a day after Plaintiff filed his own motion to compel.  This is wrong.  First, as

this court is aware by virtue of our March 6, 2018 conference, both sides have raised what they

each view as significant discovery issues with the other.  HWS documented its discovery

complaints in many letters and e-mails over the last three months.  *See* Exhibits C, J, K, L, M.

There is no basis to argue that HWS' motion is merely reflexive or pretextual.

Second, the only reason that HWS did not file its motion *before* Plaintiff filed his

motion is because Plaintiff asked HWS to refrain from filing so that he could first address certain

deficiencies by making a production.  *See* Exhibit C.  When HWS promptly reviewed documents

that Plaintiff produced nearly contemporaneously with filing his Motion to Compel, it learned

that most of the issues were not resolved, and filed its motion the next day.  Without suggesting

that Plaintiff's actions were designed to get his Motion on file first, most certainly HWS' Motion is not a tit-for-tat Motion.  This is shown, if nothing else, by the fact that HWS' Motion is right.

## II.     Plaintiff's Deficient Document Production

### A.     Documents Relating to Jane Doe or the Assault at Issue

Plaintiff argues that this Court should not order him to produce documents relating to Jane Doe or the alleged assault because (1) he has produced all documents in his possession and (2) those documents are not relevant.  Both of these arguments fail.

First, there exist emails relating to the investigation and Jane Doe that Rolph has not produced in this case.  We know this because HWS has produced these emails with Rolph as part of its own document production.  *See e.g.* HWS0001568; HWS0001569; HWS0001253.  Rolph's opposition to HWS's motion does not attempt to provide any explanation for this discrepancy.  This leaves three options:  (1) Mr. Rolph's search of his email account was insufficient; (2) he failed to sufficiently preserve relevant documents; or (3) Mr. Rolph intentionally deleted relevant emails.  Indeed, Mr. Rolph's Response **admits** that he has still not completed a review for relevant emails, months after HWS served its discovery.

Given that Plaintiff has not produced a single email in this case, the Court cannot simply take Plaintiff at his word that he does not possess relevant documents.  "[I]t is not enough for counsel to simply give instructions to his clients and count on them to fulfill their discovery obligations. The Federal Rules of Civil Procedure place an affirmative obligation on an attorney to ensure that a client's search for responsive documents and information is complete." *Logtale, Ltd. v. IKOR, Inc.*, No. 4:11-cv-05452-CW, 2013 BL 203967, at *3 (N.D. Cal. July 31, 2013) (noting that counsel must make a reasonable inquiry into the thoroughness of a client's search for documents).

Second, these documents are relevant and Plaintiff's argument to the contrary shows a misunderstanding of the law that governs his claim. Plaintiff is simply wrong that the facts relating to whether HWS's finding that he engaged in the underlying assault are irrelevant in an erroneous outcome case. Plaintiff must prove in this case that HWS reached an erroneous outcome in deciding to expel him or "cast articulable doubt on the accuracy of the outcome of the disciplinary proceeding." *Yusuf v. Vassar Coll.,* 35 F.3d 709, 715 (2d Cir. 1994). Simply put, whether or not the finding was "erroneous" is clearly an element of Plaintiff's "erroneous outcome" claim.

The cases that Plaintiff cites to support his argument are irrelevant or support HWS' position. *See Doe v. Brown Univ.*, 210 F. Supp. 3d 310, 313 (D.R.I. 2016) (*Brown Univ.* is not a Title IX erroneous outcome case); *Doe v. Columbia Univ.*, 831 F.3d 46, 57 (2d Cir. 2016) (the court overturned the district court's order granting the university's motion to dismiss, in part, because the plaintiff alleged that the university "reached conclusions that were incorrect and contrary to the weight of the evidence."); *Doe v. Marymount Univ.*, No. 1:17-cv-401, 2018 U.S. Dist. LEXIS 43164, at *17 (E.D. Va. Mar. 14, 2018) (this case addresses the allegations necessary to plead an erroneous outcome claim and makes clear that the plaintiff's "innocence" is central to the case); *Sahm v. Miami Univ.*, No. 1:14-cv-698, 2015 U.S. Dist. LEXIS 1404, at *11 (Jan. 7, 2015) (same); *Prasad v. Cornell Univ.*, No. 5:15-cv-322, 2016 U.S. Dist. LEXIS 161297 (N.D.N.Y. Feb. 24, 2016) (same).

## B.    Documents Related to the Civil Case

Plaintiff claims that HWS never gave him the opportunity to respond to the identified deficiencies in his production of documents from the related civil case, but he is wrong. On March 12, 2018, HWS sent Plaintiff a detailed letter identifying these deficiencies. Rolph's counsel never responded that he was intending to take any action to cure the

deficiencies.  Exhibit C, L.  Regardless, there does not appear to be any doubt that if Plaintiff or his attorney possess any additional documents responsive to this request, Plaintiff should be compelled to produce them.  HWS addresses the individual requests below:

1.      **The Disc referenced in the Production**.  Plaintiff's opposition appears to have its facts confused on this point.  Plaintiff writes in his Declaration that he is unsure if his attorney (i.e., his father) possesses the disc and that he has asked his attorney (his dad) "to see if those records can be obtained."  *See* Rolph Dec. at ¶ 4.  The opposition then argues that the disc exists and that Plaintiff's counsel has reviewed it:  "a review of the information on the disc shows that the disc contains information that was produced."  Opp. at 5.  If the disc exists it should be produced.  It doesn't matter if the disc is duplicative of some information in a prior production, HWS is entitled to know what is on the disc.

2.      **Transcripts from depositions that did not occur and an application to a community college**.  HWS is obviously not seeking documents that do not exist.  HWS would never have needed to file a motion relating to the transcripts or the referenced college application had Rolph's counsel simply provided this information earlier by e-mail or letter instead of ignoring the issue.

3.      **Identity of an additional counselor**.  Plaintiff argues that there is no harm in his failure to previously identify the counselor because Defendant has been able to uncover the information itself, but this is factually incorrect and not how discovery works.  First, the documents produced by Rolph mention an advisor but does not include the name.  Accordingly, HWS still needs this disclosure.  Second, Plaintiff must comply with his obligations and answer proper interrogatories and requests for documents.  Plaintiff has still not

identified the HWS counselor and/or provided HWS with a HIPAA release to obtain documents from this provider.

### C.       Documents Related to the Disciplinary Proceeding at Issue in this Case

HWS is seeking through its motion documents that Rolph may have in his possession relating to the disciplinary proceeding, including any emails, text messages or other documents that he sent to anyone relating to the disciplinary proceeding.  While many of the documents sought may be duplicative of those already possessed and produced by HWS, that does not matter.  HWS does not know what is and is not duplicative, and Rolph is required to produce whatever records he has – even if HWS might also have them.  HWS has done that, too, not only re-producing documents previously provided to Plaintiff pursuant to a subpoena in a criminal case, but searching its documents again to make sure that, in fact, Plaintiff had all relevant documents.

Moreover, HWS is most interested in emails and other documents that Plaintiff sent or received relating to the investigation that HWS does ***not*** have in its possession.  Plaintiff has not produced a single email relating to the disciplinary proceeding even though such documents exist.  *See* Section II.A., *supra*.  This is a glaring discovery deficiency.

Plaintiff also argues that a report created by a private investigator relating to the underlying assault is entitled to work product protection because it was created at the direction of Plaintiff's lawyer in preparation for his criminal trial.  Opposition at 8.  If that is the case, then the document is entitled to such protections, however, Plaintiff had never previously provided any basic facts regarding the document's creation and has not explained his position on any documents that he redacted or has withheld from production.  Plaintiff should be ordered to produce a privilege log in this case.

**D.      Documents Relating to Efforts to Gain Admission to Other Schools**

Based on the documents produced thus far, it is clear that documents exist relating to Plaintiff's efforts to gain admission to other schools.  From December 29, 2017 until the day Plaintiff filed his Opposition to HWS' Motion, Plaintiff had caused HWS to believe that such documents would be produced.  Exhibit G at 4.  More than three months after saying he would produce these documents, Plaintiff now says that he does not possess the documents and that he is "endeavoring to obtain" them.  With less than two months remaining in discovery, Plaintiff's lack of diligence is unacceptable.

**III.      Plaintiff Must Provide Interrogatory Responses Relating to his Claimed Damages**

Plaintiff continues to refuse to provide answers to Interrogatories 3, 4, and 6.  As to Interrogatory No. 6, Plaintiff argues that he does not need to explain his damages in any way because it will be the subject of an expert report.  Plaintiff's apparent strategy is to withhold his damages theory until after his deposition has occurred (during fact discovery) and to then produce an expert report of claimed damages.  This gamesmanship will prevent HWS from cross examining Plaintiff during his deposition on the facts supporting his claimed damages.  As a result, Plaintiff should be required to disclose "a computation of each category of damages claimed" as required by Fed. R. Civ. P. 26(a)(1)(A)(iii) and as requested by Interrogatory No. 6. *See Arrowpac Inc. v. Sea Star Line, LLC*, No. 3:12-cv-1180-J-32JBT, 2014 BL 499475 (M.D. Fla. Aug. 22, 2014) (rejecting the same arguments that Plaintiff makes here regarding an interrogatory that asks for the plaintiffs' claimed damages and ordering the plaintiffs in that case to "answer the interrogatory in a simple, straightforward manner, without objection, to the best of their ability at this time."); *Nat'l Union Fire Ins. Co. v. Sharp Plumbing, Inc.*, No. 2:09-cv-00783-GMN-GWF, 2012 BL 445577, at *2-*3 (D. Nev. June 27, 2012) (ordering the plaintiff to

answer interrogatories on damages that it refused to answer because it would be subject to a not yet due expert report).

As to Interrogatories 3 and 4, Plaintiff once again appears to misunderstand how discovery is supposed to work.  He suggests that HWS's discovery could be addressed by production of Rolph's tax returns and W-2s for his employer, but it is not HWS' obligation to specifically request documents that can be used to answer HWS' own interrogatories.  The Federal Rules permit a party to produce documents instead of providing an interrogatory answer when "the burden of deriving or ascertaining the answer will be substantially the same for either party," (Fed. R. Civ. P. 33(d)), however, Plaintiff has not even produced the documents and has only made this suggestion in defending this motion.  Plaintiff should be ordered to either produce the identified documents and/or actually provide full and complete answers to Interrogatories 3 and 4.

## IV.    HWS is Entitled to its Costs

As demonstrated above and in HWS' opening Motion, an award of costs is appropriate here.  Plaintiff has dragged his feet at every possible stage of discovery, has refused to answer HWS' most basic discovery inquiries, and has failed to uphold his most basic discovery obligations.  HWS is not playing "gotcha."  Rather, with less than two months remaining for fact discovery, HWS is seeking documents and answers that address the most basic and fundamental issues in this case and to avoid any unfair surprise.  *See Gordon v. Target Corp.*, 318 F.R.D. 242, 247 (E.D.N.Y. 2016) ("the over-arching purpose of the discovery rules is to encourage the disclosure of information and materials to avoid unnecessary surprise and to level the playing field for both parties to the litigation.") (internal quotations and citations omitted).  Plaintiff's gamesmanship and lack of diligence in discovery cannot be permitted to continue unabated.

## V.      Conclusion

For the foregoing reasons, HWS respectfully requests that the Court grant

Defendant's motion to compel.

Dated:  April 9, 2018                         */s/ Michael E. Baughman*

_____
Michael E. Baughman
Benjamin J. Eichel
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
620 Eighth Avenue
**Attorneys for Defendant**
**Hobart and William Smith Colleges**

## CERTIFICATE OF SERVICE

I, Benjamin J. Eichel, hereby certify that on April 9, 2018, I filed a true and correct copy of the foregoing Reply in Support of Defendant's Motion to Compel with the clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the parties of record:

Catherine H. Josh, Esq. (5025036)
45 Exchange Boulevard, Suite 915
Rochester, NY 14614
585-423-1974
585-325-6075 (fax)
chjesq@gmail.com

Joshua Adam Engel, Esq. (0075769)
ENGEL AND MARTIN, LLC
5181 Natorp Blvd., Suite 210
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

*/s/ Benjamin J. Eichel*

Michael E. Baughman
Benjamin J. Eichel
PEPPER HAMILTON LLP
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103
620 Eighth Avenue